# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **ANGELA RENEA McGHEE,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:21CV00014 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **KILOLO KIJAKAZI, ACTING** ) | JUDGE JAMES P. JONES |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY**, ) | |
| ) | |
| Defendant. ) | |

*John Osborne Goss*, GOSS & FENTRESS, PLC, Norfolk, Virginia, for Plaintiff; *James McTigue, Special Assistant United States Attorney*, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania, for Defendant.

In this social security disability case, I will accept the Report and Recommendation (Report) of the magistrate judge.

The plaintiff challenges the final decision of the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income benefits under certain provisions of the Social Security Act (Act). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her 22-page Report on August 25, 2022, in which she recommended that the court affirm the Commissioner's decision denying benefits.

On September 8, 2022, the plaintiff filed a timely written Objection to the Report. While the Commissioner filed a Response to the Objection on September 26, 2022, it was not timely and will not be considered. Fed. R. Civ. P. 72(b)(2) (requiring response to objection within 14 days).[1] The Objection is ripe for decision.

I must make a de novo determination of those portions of the Report to which the plaintiff objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings and final decision of the administrative law judge (ALJ) if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id.* But I may not "reflexively rubber-stamp an ALJ's findings." *Arakas v. Comm'r*, 983 F.3d 83, 95 (4th Cir. 2020) (citation omitted). "To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." *Id.* (internal quotation marks and citations omitted).

---

[1] No motion to extent the time to respond has been submitted.

The plaintiff objects to the following aspects of the Report:

1. Its finding that substantial evidence supported the ALJ's determination that the plaintiff has mild limitations in the four mental health-related functional areas at step two of the sequential analysis, which the plaintiff alleges resulted in flawed analyses at later steps in the sequential process.

2. Its finding that the ALJ properly evaluated Dr. Alison Whitman's July 2017 medical opinion.

Based upon my careful consideration of the record, I agree with the magistrate judge that substantial evidence supported the ALJ's findings and that the ALJ's decision was in accord with relevant case precedent. The ALJ sufficiently explained his finding that the plaintiff's medically determinable mental impairments do not cause more than minimal limitations in her ability to perform mental work activities. The ALJ also properly addressed supportability and consistency in explaining why he found Dr. Whitman's 2017 opinion regarding the plaintiff's limitations to be unpersuasive, and the ALJ was within his discretion to weigh Dr. Whitman's opinion as he did.

Accordingly, it is **ORDERED** as follows:

1.  The plaintiff's Objection, ECF No. 24, is DENIED;

2.  The magistrate judge's Report and Recommendations, ECF No. 23, is fully ACCEPTED;

- 4 -

4. The Commissioner's Motion for Summary Judgment, ECF No. 21, is GRANTED; and

5. A separate final judgment will be entered herewith.

ENTER: September 29, 2022

/s/  JAMES P. JONES
Senior United States District Judge